UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
LUIS VIZCAINO,                      )
                                    )
            Plaintiff,              )
                                    )
                v.                  )        Civil Action No. 15-11565-LTS
                                    )
ALEX F. ISAAC, et al.,              )
                                    )
            Defendants.             )
_____)

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO
DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT
[Docket No. 41]

January 20, 2016

Boal, M.J.

       In this action, Plaintiff Luis Vizcaino alleges, inter alia, that he retained defendant Alex

F. Isaac as his agent, who then breached the parties' contract, breached his fiduciary duties to

Vizcaino, and misappropriated Vizcaino's monies.  Docket No. 1.  Isaac, who is pro se, filed a

counterclaim.  Docket No. 27.  Vizcaino has moved to dismiss the counterclaim or, in the

alternative, for a more definite statement.  Docket No. 41.[1]  For the following reasons, the Court

recommends that the District Judge grant in part and deny in part the motion to dismiss and deny

the motion for a more definite statement.

_____

[1] On December 14, 2015, the District Court referred this case to the undersigned for full pretrial
management, including report and recommendation on dispositive motions.  Docket No. 39.

I.     PROCEDURAL BACKGROUND

On April 9, 2015, Vizcaino filed his complaint.  Docket No. 1.  Isaac filed an answer on

October 19, 2015.  Docket No. 16.  On November 23, 2015, Isaac filed a counterclaim.  Docket

No. 27.

Vizcaino filed the instant motion to dismiss or, in the alternative, for a more definite

statement, on December 14, 2015.  Docket No. 41.  Isaac did not file a written response.  The

Court heard oral argument on January 20, 2016, at which Isaac appeared and participated.

II.     FACTS[2]

The Counterclaim contains three counts.  Count 1, titled "Breach of Contract, 2011,"

alleges as follows.  In 2011, Isaac negotiated a contract with the New York Yankees baseball

team on behalf of Vizcaino, who had played for the Yankees before.  Counterclaim ("CC") ¶ 1.1.

Vizcaino had agreed to pay a $37,500 fee to Isaac upon execution of the contract.  CC ¶ 1.2.

Vizcaino failed a drug test and the contract was cancelled.  CC ¶ 1.3.  Vizcaino never paid Isaac

his commission.  CC ¶ 1.4.

Count 2, titled "Breach of Contract, 2012," alleges as follows.  In 2012, Isaac negotiated

a contract with the New York Yankees baseball team on behalf of Vizcaino.  CC ¶ 2.1.  Vizcaino

had agreed to pay a $37,500 fee to Isaac upon execution of the contract.  CC ¶ 2.2.  Vizcaino

failed a drug test and the contract was cancelled.  CC ¶ 2.3.  Vizcaino never paid Isaac his

commission.  CC ¶ 2.4.

Finally, Count 3, titled "Expenses from the Sale of a House," alleges the following.

Vizcaino owned a house in New Jersey in which he lived for a while.  CC ¶ 3.1.  While Vizcaino

---

[2] Because this case is presently before the Court on a motion to dismiss, the Court sets forth the
facts taking as true all well-pleaded allegations in the Counterclaim and drawing all reasonable
inferences in Isaac's favor.  See Morales-Tañon v. Puerto Rico Electric Power Authority, 524
F.3d 15, 17 (1st Cir. 2008).

lived there, he never paid the mortgage.  CC ¶ 3.2.  The lender was about to foreclose the house.

CC ¶ 3.3.  Vizcaino gave Isaac a power of attorney to sell the house.  CC ¶¶ 3.4.  Isaac retained a

real estate broker through which he found a buyer.  CC ¶ 3.5.  Vizcaino had an unpaid judgment

against him from a private jet company he used for transportation and did not pay.  CC ¶ 3.6.

This creditor put a lien on the house.  CC ¶ 3.7.  The buyer backed out of the purchase and the

house was later sold in a short sale.  CC ¶¶ 3.8, 3.9.  Isaac retained a lawyer who arranged for the

lender to release their deficiency so that the house could be sold.  CC ¶ 3.10.  Vizcaino never

paid Isaac's bill for these services.  CC ¶ 3.11.

III.   ANALYSIS

    A.   Motion To Dismiss

    1.   Standard Of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "The

plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully."  Id.

Furthermore, the Court must accept all factual allegations in the complaint as true and

draw all reasonable inferences in the plaintiff's favor.  Decotiis v. Whittemore, 635 F.3d 22, 28-

29 (1st Cir. 2011) (citation omitted).  "A document filed pro se is 'to be liberally construed,' and

'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than

formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam).

While the court must accept as true all of the factual allegations contained in the complaint, that doctrine is not applicable to legal conclusions. <u>Iqbal</u>, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>; <u>see also Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 48 (1st Cir. 2009) ("In other words, a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.") (citations omitted). Accordingly, a complaint does not state a claim for relief where the well-pleaded facts fail to warrant an inference of any more than the mere possibility of misconduct. <u>Iqbal</u>, 556 U.S. at 679.

> 2.    The Court Declines To Recommend Dismissal Of
>        <u>Counts 1 And 2 But Recommends Dismissal Of Count 3</u>

Vizcaino argues that each of the counts in the Counterclaim should be dismissed because the Counterclaim fails to allege any date in which the alleged agreements were entered into, whether the agreements were written or oral, and whether Vizcaino in fact executed the contracts with the New York Yankees. Docket No. 41 at 3. In addition, he argues that Isaac has failed to allege damages, which is an essential element of a breach of contract claim. <u>Id.</u> at 3-4. For the following reasons, the Court finds that the Counterclaim states a claim on Counts 1 and 2, but not Count 3.

In order to prove a breach of contract claim, the plaintiff must prove that "a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff[] sustained damages as a result of the breach." <u>Brooks v. AIG Sunamerica Life Assurance Co.</u>, 480 F.3d 579, 586 (1st Cir. 2007) (citation omitted). Construing the Counterclaim liberally, Isaac alleges that in 2011 and 2012, Isaac entered into contracts with Vizcaino whereby he agreed to negotiate contracts with the New York Yankees on behalf of Vizcaino and Vizcaino agreed to pay a

commission.  CC ¶¶ 1.1, 1.2, 2.1, 2.2.[3]  Isaac also alleges that he negotiated the contracts but

Vizcaino did not pay him the agreed upon fee.  CC ¶¶ 1.1, 1.4, 2.1, 2.4.  Although he doesn't

specifically allege that he suffered damages, it can be reasonably inferred from the allegations in

the Counterclaim that Vizcaino suffered damages in the amount of the unpaid commissions.

Accordingly, the Court finds that the Counts 1 and 2 of the Counterclaim state a claim for breach

of contract.

Count 3, however, fails to state a claim.  Isaac appears to allege that Vizcaino owes him

money for expenses Isaac incurred during the sale of Vizcaino's home.  However, even

construing Count 3 liberally, there are no allegations that Vizcaino and Isaac entered into a

contract with respect to the sale of the house or that Vizcaino agreed to pay Isaac for any

expenses incurred.  In fact, Count 3 is not at all clear.  Although pro se pleadings are liberally

construed, the Court cannot fashion claims for Isaac.  See Ateek v. Massachusetts, No. 11-

11566-DPW, 2011 WL 4529393, at *3 (D. Mass. Sept. 27, 2011).  Accordingly, the Court finds

that Count 3 is subject to dismissal.

> 3. <u>Motion For A More Definite Statement</u>

Vizcaino requests that, if the District Court does not grant his motion to dismiss, it

require Isaac to provide a more definite statement "providing the missing facts so that Plaintiff

can be fully apprised of what is being alleged and what is being sought."  Docket No. 41 at 3.  A

motion for a more definite statement is granted only "[i]f a pleading to which a responsive

pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to

frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Rule 12(e) motions are disfavored "in light

---

[3] The Court notes that Vizcaino has alleged that he "is a former professional baseball player who
retained Isaac as his agent . . ."  Verified Complaint ¶ 9; see also Verified Complaint ¶ 10 (again
alleging that Vizcaino and Isaac entered into an Agency Agreement).

of the availability of pretrial discovery procedures." <u>Cox v. Marine Mar. Acad.</u>, 122 F.R.D. 115, 116 (D. Me. 1988).  The Federal Rules of Civil Procedure "employ notice pleading, and, for this reason, motions for a more definite statement are not favored." <u>Delta Educ., Inc. v. Langlois</u>, 719 F. Supp. 42, 50 (D.N.H. 1989) (citation omitted).  Rule 12(e) motions are designed to "strike at unintelligibility, rather than at lack of detail in the complaint." <u>Cox</u>, 122 F.R.D. at 116; <u>Hilchey v. City of Haverhill</u>, 233 F.R.D. 67, 69 (D. Mass. 2005).  In ruling on a Rule 12(e) motion, a court often considers whether the movant has knowledge of the information sought. <u>See</u> <u>Town of Hooksett School Dist. v. W.R. Grace & Co.</u>, 617 F. Supp. 126, 135 (D.N.H. 1984) (defendant "ably situated" to ascertain facts).  Therefore, a Rule 12(e) motion should be granted "only when a party is unable to determine the issues he must meet." <u>Cox</u>, 122 F.R.D. at 116.

Here, Counts 1 and 2 of the Counterclaim adequately place Vizcaino on notice of what Isaac is pleading and allow him to frame a responsive pleading.  Whether Vizcaino and Isaac entered into a contract, the exact date of the contract, and whether the contract was written or oral are factual questions that can be answered through discovery.  If a party "wishes to secure more detailed information as to how the pleading party intends to prove [its] allegations [it] should not be permitted to utilize the motion for a more definite statement . . . but should be compelled to look to the procedures for discovery under the (federal) rules, which provide for obtaining such details." <u>Wheelock v. Rhode Island</u>, No. 06-366 S, 2006 WL 3391507, at *1 (D.R.I. Nov. 22, 2006) (citation omitted).  Accordingly, the Court recommends that the District Court deny Vizcaino's motion for a more definite statement.

IV.    <u>RECOMMENDATION</u>

For the reasons stated herein, this Court recommends that the District Judge assigned to this case grant in part and deny in part Vizcaino's motion to dismiss, dismiss Count 3 of the Counterclaim, and deny Vizcaino's motion for a more definite statement.

V.    <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir.1993).

<u>/s/ Jennifer C. Boal</u>
JENNIFER C. BOAL
United States Magistrate Judge
