UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUIS VIZCAINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-11565-LTS |
| | ) | |
| ALEX F. ISAAC, <u>et</u> <u>al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS
[Docket No. 30]

January 20, 2016

Boal, M.J.

In this action, Plaintiff Luis Vizcaino alleges, <u>inter</u> <u>alia</u>, that he retained defendant Alex F. Isaac as his agent, who then breached the parties' contract, breached his fiduciary duties to Vizcaino, and misappropriated Vizcaino's monies. Vizcaino has filed a motion for sanctions against Isaac. Docket No. 30.[1] For the following reasons, the Court recommends that the District Judge assigned to this case deny the motion.

I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Vizcaino filed his complaint on April 9, 2015. Docket No. 1. He brings claims of breach of contract, breach of fiduciary duties, conversion, fraud in the inducement, fraud and misrepresentation, unfair or deceptive acts and practices in violation of Chapter 93A and negligence.

---

[1] On December 14, 2015, the District Court referred this case to the undersigned for full pretrial management, including report and recommendation on dispositive motions. Docket No. 39.

1

On October 17, 2015, Isaac filed a motion for summary judgment.  Docket No. 17.  Isaac argued that Vizcaino's claims for conversion, fraud and misrepresentation, unfair or deceptive practices, and negligence are barred by the applicable statute of limitations because the relevant events occurred in 2011.  Id. at 1.  Vizcaino opposed the motion, arguing that because he did not learn of Isaac's financial misconduct until early 2014, the statute of limitations had not yet run.  Docket No. 31.  The District Court denied the motion for summary judgment on December 14, 2015, finding that "the factual allegations set forth in the verified complaint and affidavit filed in support of Plaintiff's opposition raise genuine issues of material fact regarding the statute of limitations."  Docket No. 38.

On November 30, 2015, Vizcaino filed the instant motion for sanctions based on Isaac's filing of his motion for summary judgment.  Docket No. 30.  Isaac, who is proceeding pro se,[2] did not file a written response.  The Court heard oral argument on January 20, 2016, at which Isaac appeared by phone and participated.

II.     ANALYSIS

  A.     Standard of Review

"Rule 11 permits a court to impose sanctions on a party or lawyer for advocating a frivolous position, pursuing an unfounded claim, or filing a lawsuit for some improper purpose."  CQ Int'l Co., Inc. v. Rochem Int'l, Inc., USA, 659 F.3d 53, 60 (1st Cir. 2011).  Rule 11, however, "is not a strict liability provision, and a showing of at least culpable carelessness is required before a violation of the Rule can be found."  Id. (quoting Citibank Global Mkts., Inc. v. Santana, 573 F.3d 17, 32 (1st Cir. 2009)).  "The mere fact that a claim ultimately proves

---

[2] Vizcaino states in his motion that Isaac is an attorney.  See Docket No. 30 at 3.  At oral argument, it was clarified that Isaac is not an attorney.  Rather, co-defendant Phil Isaac has a law degree.

2

unavailing, without more, cannot support the imposition of Rule 11 sanctions." Id. (quoting Protective Life Ins. Co. v. Dignity Viatical Settlement Partners, L.P., 171 F.3d 52, 58 (1st Cir. 1999)); see also Kusek v. Kusek, 461 B.R. 691, 698 (1st Cir. BAP 2011) ("Every misinformed legal argument does not entitle its opponent to requital.").[3]

Whether a party breaches his duty under Rule 11 to conduct a reasonable inquiry into the facts and the law "depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances." CQ Int'l Co., Inc., 659 F.3d at 62 (citation omitted). In determining whether a party has failed to comply with Rule 11, the Court may examine a number of factors, including "the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information." Id. at 62-63 (citing Navarro-Ayala v. Nunez, 968 F.2d 1421, 1425 (1st Cir. 1992)). A party need not carry an investigation "to the point of absolute certainty." Id. at 63 (quotation omitted). "Rather, it is sufficient if a factual contention 'will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.'" Id. (citing Fed. R. Civ. P. 11(b)(3)). "At its core, the imposition of sanctions is a judgment call." Nyer v. Winterthur Int'l, 290 F.3d 456, 462 (1st Cir. 2002) (citations omitted).

A pro se party is not immune from Rule 11. Vizvary v. Vignati, 134 F.R.D. 28, 31 (D.R.I. 1990). However:

> Amended rule 11 continues to apply to anyone who signs a pleading, motion, or other paper. Although the standard is the same for unrepresented parties, who are obliged themselves to sign the pleadings, the court has sufficient discretion to take account of the special circumstances that often arise in pro se situations.

---

[3] Although the Bankruptcy Appellate Panel's decision was based upon Rule 9011 of the Federal Rules of Bankruptcy Proceeding, Rule 9011 is derived from Fed. R. Civ. P. 11 and the First Circuit has explained that "Rule 11 jurisprudence is largely transferable to Rule 9011 cases." In re D.C. Sullivan Co., Inc., 843 F.2d 596, 598 (1st Cir. 1988).

Id. (internal citations omitted).  Thus, "the objective standard to be applied regarding Rule 11 asks what a reasonable person in the pro se litigant's position would have done."  Id. (citation omitted).  "Arguments that a lawyer should or would recognize as groundless may not seem so to the pro se litigant."  Id. (citation omitted).

Rule 11 is "intended to facilitate case management, not to increase caseload by requiring a district court to analyze the reasonableness of legal and factual contentions that it would otherwise not have to ascertain."  CQ Int'l Co., Inc., 659 F.3d at 62.  The First Circuit has stated that "[it] will not invite full-scale satellite litigation in the area of sanctions, nor will [it] require district courts to spend valuable judicial resources in punctiliously analyzing the reasonableness of each and every legal and factual contention made by a party where . . . such analysis is not necessary to resolve the merits of the central claim in dispute."  Id.

B.     Rule 11 Sanctions Are Not Warranted In This Case

Vizcaino argues that Isaac knew that he was not entitled to summary judgment because the Complaint alleges that Vizcaino was not put on notice of Isaac's misconduct until early 2014.  Docket No. 30 at 3-5.  However, those are Vizcaino's allegations, which Isaac is entitled to probe.  While it might have been preferable to wait to file a motion for summary judgment until Isaac had conducted discovery to test Vizcaino's allegations, on the present record, this Court is not compelled to conclude that Isaac's motion for summary judgment was totally frivolous, totally unfounded, or brought for an improper purpose.  Accordingly, this Court recommends that the District Judge deny the motion for sanctions.[4]

---

[4] In his motion, Vizcaino also argues, although without any development, that sanctions are warranted under 28 U.S.C. § 1927 ("Section 1927").  Docket No. 30 at 5.  At oral argument, however, Vizcaino withdrew his request for sanctions under Section 1927.

III. <u>RECOMMENDATION</u>

For the reasons stated herein, this Court recommends that the District Judge assigned to this case deny Vizcaino's motion for sanctions.

IV. <u>REVIEW BY DISTRICT JUDGE</u>

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Phinney v. Wentworth Douglas Hosp.</u>, 199 F.3d 1 (1st Cir. 1999); <u>Sunview Condo. Ass'n v. Flexel Int'l, Ltd.</u>, 116 F.3d 962 (1st Cir. 1997); <u>Pagano v. Frank</u>, 983 F.2d 343 (1st Cir.1993).

          <u>/s/ Jennifer C. Boal</u>
          JENNIFER C. BOAL
          United States Magistrate Judge