UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LUIS VIZCAINO, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 15-11565-LTS |
| ALEX F. ISAAC, <u>et al.</u>, | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION ON MOTIONS FOR JUDICIAL DEFAULT
[Docket Nos. 93, 94, 96]

May 2, 2017

Boal, M.J.

Plaintiff Luis Vizcaino has moved for entry of a "judicial default" against defendants Alex F. Isaac and Phil Isaac for failure to answer the amended complaint and, in the case of Alex Isaac, also for failure to participate in this litigation. Docket Nos. 93, 94. Defendant/cross-plaintiff Alfredo Simon Cabrera has also moved for a judicial default against Alex Isaac and Phil Isaac. Docket No. 96.[1]

Vizcaino originally filed this action on April 9, 2015. Docket No. 1. Defendant Alex F. Isaac initially participated in the case by, <u>inter alia</u>, filing an answer, filing a motion for summary judgment and attending the scheduling conference. Docket Nos. 16, 17, 48. Defendant Phil Isaac filed an answer to the original complaint on November 25, 2015. Docket No. 29.

---

[1] On December 14, 2015, the District Court referred this case to the undersigned for all purposes, including dispositive and non-dispositive motions. Docket No. 38.

1

On October 6, 2016, the Court granted Vizcaino's motion to amend the complaint to add Cabrera as a defendant in this case. Docket No. 76. Vizcaino did not file the amended complaint at that time but it appears that he served it on Cabrera as Cabrera filed an answer and cross-claim on December 21, 2016. Docket No. 81.

On January 6, 2017, Vizcaino filed the amended complaint on the docket. Docket No. 89. It is not clear that Vizcaino properly served the complaint on Alex Isaac or Phil Isaac. The certificate of service attached to the amended complaint states that it was served on Alex Isaac and Phil Isaac on September 5, 2016, which is before the Court granted the motion to file the amended complaint. Docket No. 89 at 13.

Cabrera served the cross-claim on Alex Isaac and Phil Isaac on January 9, 2017. Docket No. 90. To date, Alex Isaac has not filed an answer to the amended complaint or the cross-claim. Phil Isaac filed answers to the amended complaint and cross-claim on May 1, 2017. Docket Nos. 103, 104.

Because Phil Isaac has now filed answers to the amended complaint and cross-claim, the Court recommends that the District Judge assigned to this case deny the motions for judicial default against Phil Isaac.

It is not clear that Vizcaino properly served the amended complaint on Alex Isaac. Nevertheless, Cabrera did properly serve the cross-claim and, to date, Alex Isaac has not filed an answer. Moreover, Alex Isaac has failed to (1) respond to Vizcaino's discovery requests; (2) participate or provide feedback in the filing of joint status reports; (3) appear at the status conferences held on April 13, 2016, June 1, 2016, January 4, 2017, and April 12, 2017; (4) comply with the Court's order providing updated service information. Docket Nos. 62, 64, 69,

74, 87, 93 at 1, n. 1, 101. Accordingly, the Court recommends that the District Judge assigned to this case enter a default against Alex Isaac.[2]

REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge

---

[2] Because Vizcaino and Cabrera's claims are not for a sum certain, or a sum that can be made certain by computation, the Court is unable to recommend that the District Court enter judgment against Alex Isaac for a certain amount at this time. See Fed. R. Civ. P. 55(b). Should the District Court agree with this Court's recommendation, the Court also recommends that the District Court require the parties to file a motion for default judgment, with supporting affidavits and documentation, on the same schedule as the schedule for dispositive motions.